**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH
BANKRUPTCY JUDGE

(973) 645-4693
Fax: (973) 645-2606

**NOT FOR PUBLICATION**

FILED
JAMES J. WALDRON, CLERK

**MAR. 10, 2011**

U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY: s/ Ronnie Plasner, DEPUTY

March 10, 2011

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Trenk, DiPasquale, Webster, Della Fera & Sodono, P.C.
Joshua H. Raymond, Esq.
347 Mt. Pleasant Ave., Suite 300
West Orange, New Jersey 07052
*Counsel for Chapter 7 Trustee*

Law Offices of Richard Kotkin
Richard Kotkin, Esq.
170 Pine Street
Montclair, New Jersey 07042
*Counsel for Defendant*

Re:   **In re Edward Lev, Debtor**
      **Case No. 05-35847 (DHS)**
      **Jacobson v. Jacobson,** *et al*.
      **Adv. Pro. No. 06-02945 (DHS)**

Dear Counsel:

Before the Court is a motion by the Defendant, Bruce Jacobson ("Defendant"), to vacate a default judgment entered against him on January 26, 2010. Gary S. Jacobson, the Chapter 7 Trustee ("Trustee"), opposes the motion on the basis that it was not timely filed and that the

Page 2
March 10, 2011

Defendant fails to meet the standards for vacatur as set forth in Federal Rule of Civil Procedure 60, made applicable in this proceeding through Federal Rule of Bankruptcy Procedure 9024. For the reasons that follow, the Defendant's motion is denied.

The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157(a), 1334(b) and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. The motion is a core proceeding under 28 U.S.C. § 157(b)(2)(F). Venue is proper under 28 U.S.C. §§ 1408 and 1409(a). The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

The lengthy history of this matter, which is rife with delay, neglect, failure to obey court orders, and multiple changes of counsel, goes entirely unmentioned in the Defendant's moving papers. (*see* Cert. of Richard Kotkin) ("Kotkin Cert.")

The Trustee commenced the present action, which seeks to avoid and recover fraudulent transfers, on November 10, 2006. The Defendant filed an answer ("Answer") on February 15, 2007. However, to date, he has failed to respond fully to the Trustee's discovery requests. (Trustee's Letter Br., p. 2) In the four-plus years that have passed, the Defendant has been represented, at varying times, by three separate and unrelated counsel, as well as a stint where he appeared *pro se*. In light of these difficulties, the Court has been patient with the Defendant throughout and has been liberal in affording him every opportunity to retain replacement counsel, to properly respond to the discovery requests, and to defend against the Trustee's claims.

After approximately two years of back and forth exchanges between the parties, the matter was scheduled for trial on January 14, 2009. Both the Defendant and the Trustee submitted briefs to the Court. Prior to trial, however, and in consideration of the fact that the Defendant had yet to fully respond to discovery requests, the Trustee brought a motion to strike the Defendant's Answer for failure to comply with Federal Rule of Bankruptcy Procedure 7037. On December 22, 2009, following oral argument, the Court granted the Trustee's motion and entered an Order striking the Defendant's Answer with prejudice and scheduling a proof hearing as to the amount of damages. The Defendant subsequently failed to attend the proof hearing and default judgment ("Judgment") was entered against him on January 26, 2010 in the amount of $1,244,728.59, plus interest.

Over the course of the next twelve months, the Trustee made numerous attempts to collect the Judgment and to obtain information from the Defendant. Between January 26, 2010 and April 27, 2010, the Trustee made nine (9) separate attempts to serve Defendant with the

Page 3
March 10, 2011

Judgment and an information subpoena, at his various last known addresses, employers' addresses, and counsel's address. (Trustee's Verified Appl. in Supp. of Mot. to Enforce Litigant's Rights, May 25, 2010, ¶ 8) Finally, on May 1, 2010, after the ninth attempt at service, the Trustee received a signed return receipt from an employee at one of the Defendant's businesses. (*Id.* at ¶ 9) Despite service, however, the subpoena went unanswered and on May 25, 2010, the Trustee was forced to file his first motion to enforce litigant's rights and compel the Defendant to respond to the information subpoena.

The Defendant eventually responded to the subpoena in the middle of June 2010 and the Trustee withdrew the motion to compel on June 24, 2010. (Trustee's Letter Br., p. 2) A deposition was scheduled but the Defendant failed to appear. (*Id.*) As a result, the Trustee filed a second motion to compel on August 13, 2010. After oral argument on the second motion, the Court ruled in favor of the Trustee and subsequently entered an Order on September 16, 2010 directing the Defendant to (i) comply with the subpoena, (ii) appear for a deposition, (iii) pay the Trustee's attorneys' fees and costs, and (iv) pay sanctions in the amount of $1,000. ("September 16, 2010 Order")

On September 22, 2010, the Defendant sat for his deposition, wherein the Trustee requested certain documents. (Trustee's Letter Br., p. 2) Following the deposition, the Trustee made three written requests to Defendant's counsel for those documents, along with a demand for the fees and sanctions pursuant to the September 16, 2010 Order. (*Id.*) During this time, the Defendant filed a motion for reconsideration of that Order, which the Court denied on November 10, 2010.

Finally, on December 16, 2010, the Trustee filed a third motion to compel compliance with the previous Orders. The Defendant filed opposition and, following yet another round of oral argument on January 11, 2011, the Court entered an Order to arrest the Defendant if he did not produce the requested documents by January 14, 2011. ("January 11, 2011 Order") Although the Defendant has apparently made some effort to comply with the Court's Orders, the Trustee has advised the Court that the Defendant has failed to produce the "vast majority" of the requested documents and that he has failed to pay all but $1,000 of the $6,457.50 of Court Ordered fees and sanctions. (Trustee's Letter Br., p. 2)

Despite this protracted and troubled history, on January 26, 2011, exactly one year from the date the Judgment was entered, the Defendant filed the present motion to vacate the Default Judgment.

Page 4
March 10, 2011

## DISCUSSION

**I.    Timeliness of a Motion to Vacate under Federal Rule of Civil Procedure 60(c)**

Federal Rule of Civil Procedure 60(b)(1) provides that default judgment may be vacated based on mistake, inadvertence, surprise, or excusable neglect. Pursuant to Federal Rule of Civil Procedure 60(c), a motion to vacate under Rule 60(b)(1) must be made within a reasonable time no more than one year after the entry of judgment. The one-year period is an "outer limit" of reasonableness and a motion under Rule 60(b)(1) is not considered timely merely by virtue of having been filed within the one-year window of opportunity. *See In re USN Communications, Inc.*, 288 B.R. 391, 396 (Bankr. D. Del. 2003); *Defeo v. Allstate Ins. Co.,* 1998 WL 328195, at*5 (E.D. Pa. Jun. 19, 1998). Factors relevant to reasonableness include not only the length of the delay but also the proffered excuse for the delay. *In re Taylor*, 357 B.R. 360 (Bankr. W.D. Pa. 2006).

Here, the Defendant filed the motion to vacate exactly one year after the date default judgment was entered, yet offers no reason for the delay. Moreover, he was aware of the Judgment for at least seven months dating back to his initial response to the Trustee's information subpoena in June 2010 and, in all likelihood, dating back to his receipt of the subpoena in May and perhaps even earlier. During the past seven months, the Defendant has opposed and filed numerous post-judgment motions in this case. The present motion was ripe to be filed at any time and the delay is simply not reasonable. Even if the delay was reasonable, however, the Defendant fails to meet the applicable legal standard to vacate the Judgment.

**II.    Standard for Vacatur under Federal Rule of Civil Procedure 60(b)(1)**

The Third Circuit disfavors default judgments and applications to vacate default should be resolved with liberality in favor of reaching a decision on the merits. *See In re Massaro,* 235 B.R. 757, 762 (Bankr. D.N.J. 1999) (citing *Zawadski De Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987); *see also United States v. $ 55,518.05 in US. Currency,* 728 F.2d 192, 194-95 (3d Cir. 1984); *Frost v. Subramanian (In re Subramanian),* 2005 Bankr. LEXIS 3192 (Bankr. D.N.J. Sept. 13, 2005). Upon considering a motion to vacate default judgment, a court must consider three factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was a result of the defendant's culpable conduct." *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985).

The present motion seeks to vacate the Judgment pursuant to Rule 60(b)(1) for excusable neglect. The Supreme Court has held the determination of excusable neglect to be "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 395 (1993). Factors to consider include: prejudice to the plaintiff, length of delay and potential impact on proceedings,

Page 5
March 10, 2011

the reason for the delay, whether the delay was within the movant's control, and whether the movant acted in good faith. *Id.*

Here, the Defendant provides no actual demonstration of excusable neglect beyond his attorney's conclusory statements simply contending that a "just result was not reached" because the Defendant "has not had his day in court." (Kotkin Cert., ¶ 9) The Defendant argues that he has properly responded to the document request, that he has excusable neglect for not doing so earlier, and that he has meritorious defenses to the complaint. (*Id.* at ¶¶ 5-7, 9) Accordingly, the Defendant reasons that he should be allowed to contest the complaint, particularly the amount of damages. (*Id.* at ¶ 9)

The facts do not support Defendant's logic. Since the date Judgment was entered, the Trustee made reasonable efforts to enforce the Judgment, including an information subpoena, three motions to compel the Defendant, and a motion for sanctions – all of which were granted or voluntarily withdrawn by the Trustee upon the Defendant's promises to provide all of the subpoenaed information. (Trustee's Letter Br., pp. 1-2) During much of this time, the Defendant actively participated in the litigation, even filing his own motion for reconsideration. Whereas the Defendant's attorney tells the Court that they have properly responded to discovery requests, albeit admittedly post-judgment, the Trustee characterizes the response as failing to produce the "vast majority" of requested documents. Finally, as to the amount of damages, the Defendant could have "had his day in court" if he had appeared at the proof hearing, where two witnesses were present and available to him for cross-examination. He elected not to appear and defend.

Furthermore, the Defendant has not supported his assertion that he has meritorious defenses with any level of specificity, as required by the Third Circuit. *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988). "There is no point in setting aside the default judgment . . . if [defendant] could not demonstrate the possibility of his winning." *United States v. $ 55,518.05 in U.S. Currency,* 728 F.2d at 192. Here, the Defendant's attorney merely states that he "certainly has meritorious defenses." (Kotkin Cert., ¶ 7) Such broad conclusionary statements are not enough. *United States v. $ 55,518.05 in U.S. Currency,* 728 F.2d at 196. Without a statement alleging to specific facts that could constitute a complete defense at trial, the Court cannot find that the Defendant has satisfied the meritorious defense requirement. *Id.*

## **CONCLUSION**

On the record before the Court, it is abundantly clear that the Defendant has on many occasions not acted in good faith during the course of this litigation. Default Judgment was entered in this case solely as a result of the Defendant's culpable conduct, despite countless notices and warnings by the Trustee and by the Court itself. At this point, the Trustee has the right to move forward without further delay. The Defendant has failed to present even a scintilla

Page 6
March 10, 2011

of evidence that would demonstrate excusable neglect or meritorious defense. Judgment will not be vacated because it would cause prejudice to the Trustee, while the Defendant has failed to state any meritorious defenses, and the Judgment is a result of the Defendant's own culpable conduct.

An Order in conformance with this Opinion has been entered by the Court and a copy attached hereto.

Very truly yours,

*s/ Donald H. Steckroth*

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure